In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00138-CV


______________________________




PIN OAK FUNDING, Appellant



V.



R. JUDD CRIBBS, Appellee




 


On Appeal from 113th the Judicial District Court


Harris County, Texas


Trial Court No. 01-56975




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Pin Oak Funding, appellant, and R. Judd Cribbs, appellee, have filed a joint motion
informing this Court that they have settled this matter and no longer wish to pursue the appeal. 
Accordingly, pursuant to Tex. R. App. P. 42.1, their motion is granted.

 The appeal is dismissed.




 Josh R. Morriss, III

 Chief Justice


Date Submitted: March 31, 2003

Date Decided: April 1, 2003



">
Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Ramon Silva Sanchez attempts to appeal his conviction in trial court number F40105. (1)

 A notice of appeal was filed May 30, 2007, and the reporter's record was filed June 29, 2007. 
We dismiss Sanchez' appeal for want of jurisdiction.

 The trial court filed a certification, in accordance with Rule 25.2(a)(2), that this case "is a
plea-bargain case, and the defendant has NO right of appeal." The certification also states that "the
defendant has waived the right of appeal." Rule 25.2(a)(2) states, in pertinent part: 

 (2) . . . A defendant in a criminal case has the right of appeal under Code of
Criminal Procedure article 44.02 and these rules. The trial court shall enter a
certification of the defendant's right of appeal each time it enters a judgment of guilt
or other appealable order.


Tex. R. App. P. 25.2(a)(2). If a certification showing that the defendant has the right of appeal is not
made a part of the appellate record, we must dismiss the case unless the record affirmatively
indicates that an appellant may have the right of appeal. Tex. R. App. P. 25.2(d); see Greenwell v.
Court of Appeals for Thirteenth Judicial Dist., 159 S.W.3d 645, 649 (Tex. Crim. App. 2005); Dears
v. State, 154 S.W.3d 610, 612 (Tex. Crim. App. 2005). We have examined the record that exists to
determine whether the trial court's certification is defective. See Greenwell, 159 S.W.3d at 649;
Dears, 154 S.W.3d at 613. Nothing in the record indicates the certification is defective. This Court
lacks jurisdiction over this appeal. 

 We dismiss the appeal for want of jurisdiction.



 Jack Carter

 Justice


Date Submitted: July 16, 2007

Date Decided: July 17, 2007


Do Not Publish

1. This is an appeal transferred to this Court from the Tenth Court of Appeals by order of the
Texas Supreme Court.